IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CARL WYNN | * | |
| PLAINTIFF | * | |
| | * | |
| V. | * | |
| | * | CASE NO. 4:19CV00165 SWW |
| BARRY SIMS | * | |
| DEFENDANT | * | |
| | * | |

## ORDER

Plaintiff Carl Wynn ("Wynn"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Pulaski County Circuit Court Judge Barry Sims ("Judge Sims"). Along with the complaint, Wynn filed a motion to proceed in forma pauperis [ECF No. 1]. After careful consideration, and for reasons that follow, the motion to proceed *in forma pauperis* will be denied and the case dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

Referencing Case No. 60CR-18-4234, currently pending in the Circuit Court of Pulaski County, Arkansas, Wynn charges that Judge Sims, who presides over the case, denied his right to a jury trial. The state court record shows that on October 18, 2018, Wynn appeared before the North Little Rock (NLR) District Court, which found him guilty of second-degree terroristic threatening, a misdemeanor offense. Wynn appealed to the Pulaski County Circuit Court,

1

seeking a jury trial.[1]  By motion entered January 24, 2019, the State moved to remand the appeal back to the NLR District Court, asserting that Wynn had failed to perfect his appeal.  By order entered January 28, 2019, Judge Sims granted the motion and remanded the case for imposition of sentence.  On January 30, 2019, Wynn filed a motion to reinstate, which is currently pending.

With his complaint in this case, Wynn charges that Judge Sims treated him with hostility and lack of respect and violated his constitutional right to a jury trial.  By way of relief, Wynn seeks injunctive relief to stop the state court from denying his asserted right to a jury trial.

The federal statue governing *in forma pauperis* proceedings provides that a court shall dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process.  *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)).  "If the complaint is frivolous or

---

[1] Arkansas has a two-tier criminal justice system, whereby the district courts (courts of limited jurisdiction) and circuit courts (courts of general jurisdiction) have concurrent jurisdiction over misdemeanor cases.  *See* Ark. Const. amend. 80, § 7(A)-(B).  Upon appeal to circuit court, an accused misdemeanant receives a jury trial, and the circuit court tries the charges anew as if no judgment had been rendered in district court.  *See Harrell v. City of Conway*, 296 Ark. 247, 248, 753 S.W.2d 542, 543 (1988).

malicious, the district court should dismiss it out of hand." *Id.* A complaint is frivolous where it lacks an arguable basis either in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

The Court finds that the complaint in this case lacks an arguable basis in law. First, judges performing judicial duties enjoy absolute immunity from § 1983 liability. *Robinson v. Freeze,* 15 F.3d 107, 108 (8th Cir.1994). Judicial immunity is overcome only where the challenged act is non-judicial or taken in the complete absence of all jurisdiction, *see Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 288, (1991), which is not alleged here. The doctrine of judicial immunity does not bar a claim for prospective declaratory or injunctive relief against a judicial officer acting in his judicial capacity. *See Pulliam v. Allen,* 466 U.S. 522, 542 (1984). However, in 1996, Congress passed the Federal Courts Improvement Act, which amended § 1983 to preclude injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Wynn does not allege that either prerequisite for injunctive relief is met in this case.

Second, Wynn, in effect, requests that the Court intervene in an ongoing state criminal proceeding. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary

3

circumstances, which are not present here, this Court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings. *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011)("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions.").

IT IS THEREFORE ORDERED that pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* [ECF No. 1] is DENIED.

IT IS SO ORDERED THIS 20TH DAY OF MARCH, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE